**IN THE COURT OF APPEALS OF IOWA**

No. 13-1379
Filed July 30, 2014

**DEXTER NOEAR,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.

        Appeal from the denial of postconviction relief.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Ricki L. Osborn, County Attorney, and Joseph L. Tofilon, Assistant

County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

In this appeal from a postconviction relief proceeding, Dexter Noear contends the postconviction court erred in denying his application for relief. Postconviction relief proceedings are civil actions reviewable for correction of errors at law. *See Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009). To the extent an applicant raises constitutional questions, our review is de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

Noear was charged by trial information with numerous counts arising out of a fray in the Fort Dodge Correctional Facility involving Noear, who was an inmate, another inmate, and three correctional officers. Pursuant to a plea agreement, Noear pleaded guilty to four counts: aiding and abetting assault on a correctional officer with the intent to inflict serious injury, and three counts of interference with official acts inflicting bodily injury (injury to each of the three correctional officers). The State offered to dismiss the remaining five counts upon entry of judgment.

During the plea colloquy, Noear described the events that occurred during the fray. He admitted he interfered with correctional officers attempts to intervene. He admitted physical blows were exchanged with officers. He admitted the officers suffered bodily injury. He also admitted he intended to inflict bodily injury on the officers during the fray. The court accepted the plea and entered judgment and sentence. Noear did not appeal. In May 2012, Noear filed a pro se application for postconviction relief, raising several claims for relief. The district court denied the application as to all claims.

The only issues presented to us on appeal relate to Noear's guilty plea. Although Noear styles his first claim as one in which his trial counsel was ineffective for allowing Noear to plead guilty to an "uncharged alternative," his claim really is a challenge to the factual basis for the plea. His second claim is simply a claim that his postconviction counsel was ineffective for not raising the "uncharged alternative" argument. We conclude the arguments are without merit.

Noear pleaded guilty to interference with official acts inflicting bodily injury under Iowa Code section 719.1(2) (2009), which provides, "If a person violates this subsection and in doing so inflicts or attempts to inflict bodily injury . . . the person commits a class 'D' felony." A factual basis for a plea may be established from the entire record before the district court, not just the plea colloquy. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). The record contains sufficient evidence, including Noear's admissions during the colloquy and photographs attached to the minutes of testimony, to show the officers suffered bodily injury in the form of cuts and bruises. Noear contends that the plea is defective because he admitted during the plea colloquy that he intended to inflict bodily injury when intent is not an element of the charge. *See* Iowa Code § 719.1(2) (not containing any form of the term "intend"). This, he claims, is a defective plea to the "uncharged alternative." Charitably, the argument makes zero sense.

Because a factual basis exists for the plea, trial counsel had no duty to challenge the plea. Because a factual basis exists for the plea and trial counsel had no duty to challenge the plea, postconviction counsel had no duty to claim

trial counsel was ineffective. Because Noear has not demonstrated trial counsel or postconviction counsel breached an essential duty, his ineffective assistance claims fail. *See State v. Shanahan*, 712 N.W.2d 121, 138 (Iowa 2006) (reiterating that failure to prove either breach of duty or prejudice is fatal to an ineffective assistance claim). For the foregoing reasons, defendant's convictions and the denial of his application for postconviction relief are affirmed.

**AFFIRMED.**